IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS VAUGHN JACKSON, JR.,          No. 2:15-CV-1675-CMK-P

    Plaintiff,

  vs.                                 ORDER

CARMELINO L. GALANG, et al.,

    Defendants.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's motion for injunctive relief (Doc. 4).

        In his motion, plaintiff states:

> There is a substantial threat of irreparable harm if the injunction is not granted. As a result of their constant confinement with a bright yellow curtain covering up my cell window as a form of punishment. On 8-9-15 plaintiff was written a rule violation for 314 P.C. and defendants ordered a yellow curtain which puts my health and safety in jepardy to be assaulted by other inmates. The yellow curtain single inmates out as sex offender. Plaintiff have been threaten a made fun up by defendant and inmates. . . . [sic].

1

Plaintiff seeks an order directing prison officials to "remove all yellow curtain from cell window at Mule Creek State Prison administrative segregation because it send a message to all inmates plaintiff is sex offender. . . ."

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

In this case, plaintiff has not demonstrated a likelihood of success on the merits of the underlying action because there is no connection between the allegations in the motion for injunctive relief and the allegations in the complaint. Specifically, the underlying complaint in this action relates to allegedly delayed medical treatment through June 2015 following a shoulder injury in September 2014 whereas the current motion for injunctive relief concerns allegations relating to a yellow curtain placed over cell windows. Therefore, plaintiff has not met his burden of showing a likelihood of success on the merits.

Additionally, plaintiff has filed a request for injunctive relief against individuals who are not named as defendants in this action. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

/ / /

1    Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for injunctive
2  relief (Doc. 4) is denied.


  DATED: February 23, 2016

                                          _____
                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE