IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS VAUGHN JACKSON, JR.,            No. 2:15-CV-1675-CMK-P

      Plaintiff,

  vs.                                  ORDER

CARMELINO L. GALANG, et al.,

      Defendants.

                                   /

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court are: (1) plaintiff's motion for injunctive relief (Doc. 19); (2) plaintiff's motion for leave to amend (Doc. 21); and (3) plaintiff's motion for an extension of time (Doc. 26).

        Turning first to plaintiff's motion for injunctive relief, the legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent

prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

In his motion for injunctive relief, plaintiff states that defendants continue to fail to provide him with what he believes is necessary to control "breakthrough pain." Plaintiff, however, admits that he is being provided with some pain medication. Specifically, plaintiff states that he is currently prescribed nortriptyline. Plaintiff's contention that this medication is not "adequate" is insufficient to establish the requisite likelihood of irreparable injury absent court intervention at this time. As to the other Winter factors noted above, the court finds that, while plaintiff has stated a cognizable claim, it is not possible to say at this early stage of the proceedings that plaintiff is likely to prevail on the merits. Given the foregoing, the court also finds that the balance of hardships and the public interest do not warrant preliminary injunctive relief.

Plaintiff also seeks leave to file a first amended complaint. Plaintiff states that the amendment is required in order to include boilerplate references to this court's subject matter jurisdiction which was omitted from the original complaint. Otherwise, there appears to be no substantive change in the first amended complaint. Because plaintiff adequately invoked this court's subject matter jurisdiction by alleging claims arising under 42 U.S.C. § 1983, amending the complaint is unnecessary and would only cause delay.

/ / /

/ / /

/ / /

Finally, plaintiff seeks an extension of time to effect service of process on defendants. By separate order issued herewith, the court will direct service by the United States Marshal. Should the United States Marshal be unable to effect service of process, an extension of time may be necessary. Plaintiff's current motion for an extension of time, however, is premature and unnecessary at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for injunctive relief (Doc. 19) is denied;

2. Plaintiff's motion for leave to amend (Doc. 21) is denied;

3. The first amended complaint filed April 8, 2016, is stricken and this action shall proceed on the original complaint; and

4. Plaintiff's motion for an extension of time (Doc. 26) is denied.

DATED: July 5, 2016

　　　　　　　　　　　　　　　　　　_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE