IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS VAUGHAN JACKSON, JR.,     No. 2:15-CV-1675-JAM-CMK-P

    Plaintiff,

  vs.     ORDER

CARMELINO L. GALANG, et al.,

    Defendants.

/

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are: (1) plaintiff's motion for sanctions (Doc. 48); and (2) plaintiff's motion for the appointment of counsel (Doc. 55).

In his motion for sanctions, plaintiff argues that the court should impose sanctions on defense counsel for failure to timely file and serve a reply brief. Pursuant to Eastern District of California Local Rules 230(l) and 134(a), defendants' reply brief was due within seven days of the court's electronic notice of the filing of plaintiff's opposition brief. In this case, while plaintiff's opposition brief was entered on the court's docket on December 2, 2016, electronic notice of the filing was not sent to defendants until December 5, 2016 (see Doc. 45). Therefore, defendants' reply brief, filed and served on December 12, 2016, is timely and plaintiff's motion

1

for sanctions will be denied.

Plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. Plaintiff cites the following circumstances justifying the appointment of counsel: (1) confinement; (2) lack of legal experience; (3) lack of funds; (4) limited access to the prison law library; and (5) mental illness. The first four circumstances cited by plaintiff are not exceptional. To the contrary, they are common to nearly every prisoner plaintiff in a § 1983 action. As to mental illness, plaintiff has attached documentation to his motion indicated that he was diagnosed with schizoaffective disorder, mood disorder, antisocial personality disorder, and polysubstance dependence in February 2015. Plaintiff has not, however, provided the court with any evidence indicating that these disorders are not being well-treated or that they have adversely affected his ability to litigate this action on his own. To the contrary, a review of plaintiff's filings in this case reflect that he is able to articulate his claims on his own. Additionally, plaintiff's claims of deliberate indifference to serious medical needs are not overly complex, either factually or legally. Finally, as to the merits of plaintiff's claims, the court cannot say at this stage of the proceeds with pending motions to dismiss, whether plaintiff has any particular likelihood of success. Plaintiff's motion for the appointment of counsel will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions (Doc. 48) is denied; and

2. Plaintiff's motion for the appointment of counsel (Doc. 55) is denied.

DATED: August 18, 2017

　　　　　　　　　　　　　　　　　　　　
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE