# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS VAUGHN JACKSON, JR.,

Plaintiff,

v.

M. DATOR,

Defendant.

No. 2:15-CV-1675-JAM-CMK-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for reconsideration (Doc. 88) of the court's April 25, 2018, non-final order dismissing some, but not all, defendants from this action.

The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later than twenty-eight (28) days after entry of the judgment. See Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal.

1

1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes. Relief under this rule can be granted on the court's own motion and at any time. See Fed. R. Civ. P. 60(a). However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending. See id.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

In his motion for reconsideration, plaintiff argues that the Magistrate Judge erred by failing to consider the negligence aspect of his claims against defendants Horowitz, Galang, and Wong, and that the court should exercise supplemental jurisdiction over his negligence claims against these defendants. Because plaintiff's motion challenges a non-final order and not a final judgment, his motion is not proper under Rule 59(e). Because plaintiff does not claim a clerical mistake in the April 25, 2018, order, the motion is also not proper under Rule 60(a). Because plaintiff does not claim mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment, or fraud, misrepresentation, or misconduct of an opposing party, plaintiff's motion is not brought under Rule 60(b). Plaintiff's argument that the court committed error by not exercising supplemental jurisdiction over any negligence claims is an argument properly brought under Rule 59(e), but is currently premature because no final judgment has been entered in this case.

///

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (Doc. 88) is denied as premature.

DATED: September 27, 2018

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATED DISTRICT COURT JUDGE